STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Robert Waite      }
and Diane Welebit                   }
                                    }  Docket Nos. 139-6-00 Vtec
                                    }  and 183-8-00 Vtec
                                    }
                                    }

Decision and Order on Motion to Alter Judgment

In Docket No. 139-6-00 Vtec, Appellants Robert Waite and Diane Welebit appealed from a decision of the Planning Commission of the Town of Sunderland approving the site plan of Appellee Applejack Art Partners, Inc. In Docket No. 183-8-00 Vtec, Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) dismissing their appeal from the Zoning Administrator= s grant of a building permit to Appellee. The appeals have been consolidated. Appellants are represented by David L. Grayck, Esq.; Appellee is represented by Neal C. Vreeland, Esq.; the Town is represented by Robert E. Woolmington, Esq.

Appellants have moved to alter the portion of the April 26, 2001 decision which found ' 6.13.9 to be valid and which A denie[d] Appellant= s appeal of the building permit.@ First, the matter before the Court in that appeal of the building permit was the ZBA= s decision not to revisit the Planning Commission= s categorization of the permit as a permitted use, rather than any issue of the merits of the building permit. As we stated on summary judgment, the Sunderland Zoning Bylaws are unusual in that they do not provide for conditional use approval of non-residential uses in the Roadside Commercial zone. But the Court cannot and should not rewrite the Zoning Bylaws. The Court found as a matter of law that the Planning Commission may carry out the function of determining whether a type of use not otherwise provided for in the zoning bylaws falls within a particular use category, without usurping a function otherwise assigned to the ZBA or the zoning administrator by state law. It is apparent that Appellants disagree with the Court= s ruling on that legal issue, but that is a matter for appeal. On the legal point the Court has fully considered the parties= arguments and declines to alter its opinion.

The basis for Appellants= appeal of the zoning administrator= s issuance of the building permit was both that the Planning Commission lacked authority to determine that the project fell into the ' 6.13.9 permitted use category, and that the determination was incorrect on the facts. The Court fully addressed both those claims in its April 26, 2001 decision. The Court did not issue the building permit, it merely disposed of the issues on appeal and stated that there was no impediment remaining to the Zoning Administrator= s issuance of the building permit.

Appellants are concerned to know the proper route of appeal should Appellee-Applicant move forward in the future with its plans to build two additional warehouse buildings. If and when Appellee-Applicant makes such an application, Appellants will be free to appeal from any decision of the Planning Commission or Zoning Board, or from the Development Review Board, if the Town combines those functions or rewrites its zoning bylaws by that time. The Court will

rule on any legal issues that arises in that context, but cannot speculate as to the state of the law or the facts by the time such applications are made, if and when such applications are made.

Finally, and especially as Appellants= remaining point was posed with a footnote to the Code of Judicial Conduct, the Court must take exception to Appellants= suggestion that the mere timing of the issuance of this Court= s 18-page decision on the merits of this case some 20 days[1] after it went under advisement with the Court A raises the question of whether the appeal received as thorough a review as it deserved@ and to Appellants= suggestion that the Senate hearing[2] on delays in the Environmental Court could have affected the decision in this matter. Despite the Senate hearing and despite knowing that this appeal was under more-than-usual public scrutiny, Judge Wright nevertheless disregarded[3] these factors and took the three weeks of time necessary to fully consider the findings and conclusions in this case, as well as to perform endless mathematical computations of area and percentage not provided by _any_ of the parties in their requests for findings. Nor was the present case given priority over all other pending cases; the Environmental Court issued other published decisions in other cases of varying age and urgency in that three week time period. The parties may be confident that this appeal received the thorough review that it needed and deserved, and that it was not given inappropriate consideration.

Done at Barre, Vermont, this 23rd day of May, 2001.

_____

Merideth Wright
Environmental Judge

**Footnotes**

1.    It is perhaps of interest in this regard to know that the goal for all trial court judges in Vermont is for all decisions to be issued within 30 days after they go under advisement. Needless to say, the trial judges do not all meet this goal in every case, and most judges make great efforts to avoid the accumulation of a backlog of decisions and to dispose of such backlogs when they do accumulate.

2.    As the parties to this case may know, during the Senate committee hearings on the Court's operations, Judge Wright warned the committee at the outset and made every effort to go out of the Senate Chamber when other witnesses wished to discuss pending cases, including this one, and was not in the room for Mr. Grayck's own testimony.

3.    "A judge shall not be swayed by . . . public clamor or fear of criticism." Administrative Order No. 10, Canon 3(B)(2).